### Barron Goode v. The State.

#### No. 4021.   Decided June 2, 1909.

**1.—Theft of Cattle—Charge of Court—Circumstantial Evidence—Mistake of Facts.**

Where upon trial for theft of cattle the evidence raised the question of mistake, and made a case of circumstantial evidence, the court's failure to charge on circumstantial evidence was reversible error.

**2.—Same—Charge of Court—Principals.**

Where upon trial for theft of cattle the evidence involved a mistake of facts, and that the defendant was not present at the time of the taking, or rather that the branding, which constituted the taking, was done by an agent of the defendant, the court's failure to charge on the law of principals was reversible error.

Appeal from the District Court of Fisher.   Tried below before the Hon. Cullen C. Higgins.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Woodruff & Yantis,* for appellant.—On question of circumstantial evidence: Cook v. State, 14 Texas Crim. App., 96; Wallace v. State, 66 S. W. Rep., 1102; York v. State, 42 Texas Crim. Rep., 528; 61 S. W. Rep., 128; Gentry v. State, 41 Texas Crim. Rep., 497; 56 S. W. Rep., 68; Arismendis v. State, 41 Texas Crim. Rep., 374; 54 S. W. Rep., 599; Taylor v. State, 27 Texas Crim. App., 463.   On question of principals: Sapp v. State, 77 S. W. Rep., 456; Beard v. State, 47 Texas Crim. Rep., 183; 83 S. W. Rep., 824; Jackson v. State, 47 Texas Crim. Rep., 85; 79 S. W. Rep., 521; Parks v. State, 89 S. W. Rep., 1064; Steed v. State, 43 Texas Crim. Rep., 567; 67 S. W. Rep., 328.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of cattle theft, his punishment being assessed at two years confinement in the penitentiary.

The evidence discloses the facts that Collins owned three head of cattle, two calves or yearlings and one two-year-old.   Appellant is charged with stealing one of these cattle, described as a motley-face calf or "coming yearling."   By "coming yearling" it seems to mean that if the calf had not become twelve months of age that it would

shortly do so. Appellant's brand was found upon three animals. One of them, the motley-face animal, was sold by appellant, and this prosecution instituted. The evidence further discloses that, at the time of the sale, the animal had appellant's brand upon it, and which gave evidence of having been there for two or three weeks, according to some of the testimony, and according to other witnesses not so long. Appellant stated to one of the witnesses that he had branded some cattle in the pasture, where he had sixty-five or seventy head, and the pasture in which the three animals mentioned ran. This witness, however, did not convey the idea that the animals appellant said he branded were those belonging to Collins, but indicated that appellant claimed the cattle he branded were his own property. There is testimony also that appellant employed and sent out to the pasture one Frank Stewart a few days before appellant sold the animal in question, for the purpose of having him brand some of his, appellant's, cattle or calves. That Stewart went to the pasture and branded two or three. The evidence indicates that Stewart may have branded Collins' cattle in appellant's brand. This was on Friday, or supposedly on Friday, that Stewart did the branding. On Sunday appellant drove the animal into town and sold it to a butcher. Collins ascertained this, it seems, on Monday evening. There is quite a lot of testimony as to what occurred between the parties and conversations in regard to mistakes, etc. These matters are stated simply to reach one of the questions relied upon by appellant for a reversal, to wit, the failure of the court to charge the law of circumstantial evidence. There is also a second proposition, that the court failed, but should have charged that, before appellant could be convicted of the theft, he must be connected as a principal in the original taking. We are of opinion that both phases of the law should have been given in the charge. Appellant admitted driving the animal from the pasture and selling to the butcher. In this connection the question of mistake arose in the case. There is quite a lot of testimony introduced which requires such a charge. It will be noticed from the statement made that the animal in question was placed in appellant's brand by some one. Appellant did not admit placing the brand upon this animal. The utmost that can be claimed from his statement to one of the witnesses in regard to the brand was that he branded some of his own calves. In the conversation he did not even suggest the color or a sufficient description of them to identify which animals he did brand. If Frank Stewart branded Collins' animal, appellant was not present, and the evidence excludes the idea that Frank Stewart branded them except at the request of appellant, and it is also shown that appellant did not designate to Stewart which particular animals to brand, otherwise than calves or yearlings that he, appellant, had in the pasture. Stewart testifies that on finding these animals he placed appellant's brand upon them. Appellant was not present when Stewart branded them, and if there was criminality attached to this branding, through the instigation of appellant using Stewart as an agent to brand the

cattle of Collins so that he might obtain the ownership in this way, then he was not present and could not be a principal and would not be more than an accomplice. So we have no direct testimony of appellant's connection with the branding of Collins' animals, even independent of the idea of a mistake, if he did brand them. Circumstances must be relied upon. At the time he took the animal and drove it to town the brand had been on it for some time, perhaps as long as two weeks or more. So under these statements both questions are suggested, first, that a charge on. circumstantial evidence should have been given, and, second, if the animals were taken through a conspiracy between himself and Frank Stewart, then appellant was not present and not connected with the original taking, for it is found from the testimony that if a theft was committed, it was at the time the brand was placed upon the animal. The animal ran with appellant's cattle in same pasture and was not moved for some time after the brand was placed upon it. If there was a fraudulent taking, it was at the time the animal was handled and brand placed upon it. Because these charges were not given a reversal is required.

An application for continuance was sought. This is not discussed in view of the disposition made of the appeal. The witnesses may be obtained upon another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*