FRANK STEWART v. THE STATE.

No. 2668.    Decided October 22, 1913.

**Theft of Horse—Sufficiency of the Evidence—Charge of Court—Circumstantial Evidence.**

Where, upon trial of theft of a horse, the evidence was wholly circumstantial, though sufficient to convict, but the court failed to submit a charge on circumstantial evidence, as requested, the same was reversible error.

Appeal from the District Court of Fisher. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. P. Woodruff*, for appellant.—On question of court's failure to charge on circumstantial evidence: Hunt v. State, 7 Texas Crim. App., 212; Struckman v. State, 7 Texas Crim. App., 581; Barr v. State, 10 Texas Crim. App., 507; Robertson v. State, 10 Texas Crim. App., 602; Gonzales v. State, 12 Texas Crim. App., 662; Ray v. State, 15 Texas Crim. App., 51; Faulkner v. State, 15 Texas Crim. App., 115; Garcia v. State, 15 Texas Crim. App., 120; Lehman v. State, 18 Texas Crim. App., 623; Sullivan v. State, 18 Texas Crim. App., 623; Schultze v. State, 20 Texas Crim. App., 308; Boyd v. State, 24 Texas Crim. App., 570; Crowell v. State, 24 Texas Crim. App., 404; Taylor v. State, 27 Texas Crim. App., 463; Williamson v. State, 30 Texas Crim. App., 330; Davis v. State, 45 Texas Crim. Rep., 132.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of theft of a horse, and his punishment assessed at two years confinement in the State penitentiary.

Appellant earnestly insists that the evidence is insufficient to sustain the conviction, in that the evidence does not show that the horse found in his possession was the horse stolen from Mr. Collins. While we might say that the preponderance of the evidence is that the horse found

in appellant's possession is not the Collins horse, yet A. B. Collins positively identifies the animal as his horse, and if the jury believed his testimony, it would sustain a conviction, if the issues had been properly submitted by the court in his charge. The evidence relied on to prove that appellant stole the horse is that the horse was found in his possession in August, after it had been stolen in April; that he knew the Collins horses, and when his possession was first challenged alleged a purchase from a man unknown to him. The court properly submitted the question of purchase and the verdict of the jury is against that contention, but the fact remains, as contended by appellant, that the evidence which tends to show that he is the person who stole Collins' horse is wholly circumstantial, and the court should have so charged the jury. No one saw appellant take the horse from the pasture. His being found in possession of a stolen horse four months after it was stolen was a circumstance tending to show that he was the person who had stolen it; that he gave an account of his possession, which the jury evidently believed was untrue, was another circumstance; that he knew Collins' horses was still another circumstance, but that he was guilty of the original taking is proven by circumstances only, and such being the evidence, under all our decisions the court should have charged on circumstantial evidence. In the case of Faulkner v. State, 15 Texas Crim. App., 115, this court said:

"It has been thought by some that possession of property recently after the theft, unexplained, relieved the case of its circumstantial character; or, in other words, that such possession was not presumptive proof, but positive. To this we can not agree. From such possession, the inference or presumption is made that the party in possession was the taker. Now if A sees B take the horse, this is positive evidence of the taking; but if A sees B in possession of the horse recently after the taking, this is a circumstance from which the deduction, inference, presumption, may be made that B was the taker. We are not discussing the sufficiency of such evidence; this depends upon all the facts in the case.

"We are of the opinion that the evidence upon which the appellant was convicted is purely circumstantial; and that, therefore, the trial judge should have charged the jury the law applicable to such a case."

This has always been the rule in this court, and the trial court erred in not so instructing the jury.

The other grounds in the motion present no error.

The judgment is reversed and the cause is remanded. .

*Reversed and remanded.*