M. W. JORDAN v. THE STATE.

No. 6723. Decided March 8, 1922.

Embezzlement—Charge of Court—Circumstantial Evidence.

Where, upon trial of embezzlement, the conviction depended wholly upon circumstantial evidence, a refusal to submit a requested charge on circumstantial evidence is reversible error. Following Miller v. State, 88 Texas Crim. Rep. 69.

Appeal from the District Court of Gillespie. Tried below before Honorable J. H. McLean.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

L. *Old,* for appellant.—Cited cases in opinion.

R. G. *Storey,* Assistant Attorney General, for the State.

MOROW, Presiding Judge.—Conviction is for embezzlement; punishment fixed at confinement in the penitentiary for a period of two years.

It is charged that the appellant was an agent of the American Express Company and embezzled $54.16 of the money belonging to his principal.

The Brunswick-Baeke-Collander Company at Dallas, Texas, shipped, by express, a C. O. D. package to F. W. Maier, at Fredericksburg, Texas. The evidence showed that the appellant received the package and delivered it to Maier and received the money on the 21st day of December, 1920. He remained in the employee of the company for some thirteen days thereafter, during which, at various times, he received for the company, sums of money amounting, in the aggregate, to several hundred dollars. Under the custom of his employment, it was his duty to send to the Brunswick-Baeke-Collander Company, an order on the Treasurer of the Express Company at Dallas for the amount, and to deposit in the bank, the money that he received from the consignee of the package, together with any other moneys belonging to his principal that he might have have in his possession. It was also his duty to make reports to his employer showing the amount of money received and deposited. The several reports made to his employer after the receipt and delivery of the package made no specific note of the transaction. On the day that he received it, however, he deposited for the company $120, on the next day $180, and on succeeding days amounts in excess of that in question. An audit of his books revealed that he was short in his account with the company the sum of $54.16. Upon these facts the conviction rests.

In a timely and appropriate manner, appellant made objection to the charge of the court for its failure to embrace the law of circumstantial evidence, and requested a charge in accord with this view. In our opinion, the court was in error in refusing to instruct on circumstantial evidence.

The crime consists of the fraudulent appropriation of his employer's funds. On the 21st day of December, he received the amount of $54.16. On that date, and each of the succeeding days, during his employment by the company, he made deposits in the bank for the use of the company of various sums of money, exceeding in the aggregate, many hundred dollars the amount in question. Whether

embraced in his deposits was the $54.16 is in question. In other words, whether he deposited that and withheld other money from the company is a matter not depending upon the direct testimony, but inferred from the circumstances surrounding the whole transaction. Assuming that he failed to deposit the particular money that he received from Maier, his intent in doing so, that is, whether it was his intent to fraudulently misapply, is also to be deduced from the circumstances which were introduced in evidence. The direct evidence before the court traced into appellant's possession, from the books and reports and other data under the scrutiny of the auditor, the amount in question, which was found short in his account. The jury might have drawn from the data the same conclusion that the auditor drew, namely, that the shortage was due to his misappropriation of the $54.16 in question, and that his appropriation of it was fraudulent. These conclusions, however, being inferences drawn from facts proven and not established by direct testimony, classified the case as one depending wholly upon circumstantial evidence. A state of facts quite similar was involved in the case of Miller v. State, 88 Texas Crim. Rep. 69, and the ruling and reasons controlling the disposition of that case are applicable to this one.

In refusing to charge on the law of circumstantial evidence, the learned trial judge fell into error which requires a reversal of the judgment.

*Reversed and remanded.*