## C. S. HASWELL V. THE STATE.

No. 9704.    Delivered May 26, 1926.

**Possessing Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Erroneously Refused.**

Where, on a trial for possession of intoxicating liquor for the purpose of sale, appellant admits that he was in possession of less than a quart of whiskey, but there was no direct evidence of a sale, or an offer to sell by him, the trial court erred in refusing a charge on circumstantial evidence, and for this error the judgment must be reversed. See Ward v. State, 10 Tex. Crim. App. 297; Goode v. State, 56 Tex. Crim. Rep. 418, and numerous other authorities thereunder.

Appeal from the District Court of Stephens County.    Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Saunders & Evans* of Breckenridge and *E. W. Bounds* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Stephens County for unlawfully possessing intoxicating liquor for purpose of sale, and his punishment assessed at one year in the penitentiary.

The record discloses that the state's witnesses, who were officers, arrested the appellant at a dance and found in his possession less than a quart of whiskey, which he attempted to pour out when they took it away from him.    It was the contention of the state that the appellant had the whiskey in question for sale and was making sales to other parties at the dance.    The appellant admitted that he had the whiskey, but it was his contention, and he testified to that effect, that he purchased same at the dance from a man by the name of Dick.    Appellant further admitted that he was pouring it out when the officers arrested him, but that it was on account of fear, and denied that he sold any whiskey on that occasion or at any other time.    The evidence of the state, from the four deputy sheriffs, was to the effect that they went to the dance on the night in question for the purpose of looking out for bootleggers; that the night was

dark, and they drove their automobile, with the curtains up, near where the dance was going on, and observed the appellant talking to parties, then leaving and returning in a short time thereafter, and passing something to the parties; and thereafter they saw the parties drinking something in bottles, and saw the appellant hand a couple of bottles to some of said parties, and saw them hand something back to him that looked like a bill or bills, and that he stuck his hand in his pocket; that they heard appellant remark that if "they needed anything else" to let him know and he would see what he could do for them. Said witnesses further testified that they did not know, of their own knowledge, what was in the bottles from which they saw the parties drinking, but that shortly thereafter they arrested the appellant a short distance from where the dance was going on and took from him, while he was attempting to pour it out, a bottle containing some corn whiskey, and found a couple of bottles at the point where he was arrested, with the corks out, which were thrown there by him. The witnesses also testified that they found upon the person of the appellant a five-dollar bill and nine one-dollar bills. The appellant introduced evidence in rebuttal thereof by the witness, Thornton, to the effect that he cashed a check for $5.00 for the appellant on the night in question and prior to the time of the arrest, and that the appellant told him that the reason why he wanted the money was that they were having a dance and he wanted to buy "a little vial," by which the witness thought he meant whiskey.

The record discloses that the state and the appellant's attorneys agreed to the following: "It is agreed between the state and the defendant that the three bottles of whiskey testified to by the officers that the appellant had at the time of the arrest contained less than one quart."

There are twenty-two bills of exception in the record. The greater portion of said bills complain of the action of the court relative to the selection of the jury, but these questions will not likely arise in another trial, and it is not necessary to discuss same at this time.

Appellant complains of the refusal of the court to charge the jury on circumstantial evidence, and in due time objected and excepted to the court's charge for this reason. We think the facts of this case call for a charge on circumstantial evidence. There was no controversy about the appellant having the whiskey, which was less than one quart, but it was a disputed issue as to whether or not the appellant had said whiskey for sale,

or had made any sale of same, and it is obvious that the state was relying upon circumstances, as testified to by the officers, to show that the appellant possessed same for sale. In Branch's Ann. P. C., Sec. 2478, p. 1341, it is stated: "If the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence," citing Ward v. State, 10 Tex. Crim. App. 297; Goode v. State, 56 Tex. Crim. Rep. 418, 120 S. W. 199, and numerous other authorities thereunder.

Complaint is also urged against the action of the court in refusing to charge affirmatively on the appellant's defense, and in view of another trial we suggest that the court amplify his charge in order to overcome the criticism urged.

For the error above mentioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.