TANG JOHNSON v. THE STATE.

No. 14003.   Delivered March 18, 1931.

The opinion states the case.

*W. A. Anderson,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, selling liquor; punishment, one year in the penitentiary.

Appellant complains of the failure of the trial court to charge on the law of circumstantial evidence, claiming that the state's case is based solely upon circumstantial evidence.   The arresting officer, Joe Jackson, testified that on or. about the 14th day of December, 1929, he was in San. Angelo, Tom Green county, Texas; that he knew the appellant, Tang Johnson, and also knew Isadore V. Flores; that he saw both of them at or about the time alleged; that he went to the Elkhorn Wagon Yard about 5:30 in the afternoon; that after he got inside the wagon yard he saw a little box house on the left; that the appellant, Tang Johnson, was standing facing the door counting some bills; that when he walked up where he was, there was a Mexican there and he asked him "What are you doing?" and the Mexican said "Nothing"; that the Mexican had some bills in his hand; that he searched him and found a three-ounce bottle of whisky with a little of it gone; that he asked him where he had gotten it and that the Mexican told him in the presence of appellant where he got the liquor; that he had bought it from a fellow down there,

pointing to the appellant, Tang Johnson; that he never had seen the Mexican before, and that he did not know his name until he asked him; that he arrested both of the parties.

The Mexican, Isadore V. Flores, was introduced as a witness in behalf of the state and testified that he lived in San Antonio, Texas, and that he recalled the incident of Joe Jackson arresting a man in the Elkhorn Wagon Yard on the afternoon of December 14, 1929. He testified that he was not arrested, but accompanied Joe Jackson and the other man to the jail, and that the other man arrested was the person who sold him the whisky. He testified further that he bought the whisky in the wagon yard from a man, and when asked whether he could remember what occurred at the time, he answered, "I don't know whether I can remember what occurred at the time or not". That he was not drunk; that he went to the jail at the time with the parties; that that was he first time he had been in he wagon yard; that he went in there and told a man that he wanted a little bottle of whisky, that he was staying at a hotel; that he got the whisky and paid for it; that the man that Joe Jackson arrested and carried to jail was the man that he bought the whisky from on that occasion. He further testified that he could not identify appellant as the man who was arrested on that occasion or who sold him the whisky.

Appellant testified denying the entire transaction and gave evidence accounting for his presence there in connection with the operation of the wagon yard.

It is a well established principle of law that if the main fact in a case is proven as a matter of inference from other facts in evidence, the case rests wholly in a legal sense upon circumstantial evidence. Branch's Ann. P. C., sec. 2478; Goode v. State, 56 Texas Crim. Rep., 418, 120 S. W., 199; Stewart v. State, 71 Texas Crim. Rep., 480, 160 S. W., 381.

The question to be considered is, have we in this case any direct testimony of appellant being the person selling the liquor to the witness Flores, the main issue being the identity of the appellant as the person who made the sale. He was not identified on the trial by the witness Flores as the person who sold him the whisky. In other words, in our opinion, it is plainly a question of inference from the facts in evidence that occurred at the time as to the appellant being the party who sold the whisky. The facts in this case calling for a charge on circumstantial evidence, the failure of the court to so charge is reversible error.

The appellant in this case also has two bills of exception complaining of the district attorney asking leading questions of the witness Flores. Said bills do not affirmatively exclude any idea that under the peculiar circumstances of this case that the court was not justified in permitting the questions to be asked. They do not show that the questions complained of did not fall under one of the exceptions to the general rule which forbids leading questions and therefore said bill cannot be properly

passed upon by this court. Jones v. State, 65 Texas Crim. Rep., 69, 144 S. W., 252; Carter v. State, 59 Texas Crim. Rep., 73; 127 S. W., 215; Marshall v. State, 104 Texas Crim. Rep., 619, 286 S. W., 214.

For the failure of the court to charge on circumstantial evidence, the case is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.