## ELMO TYLER v. THE STATE.

No. 14848.   Delivered June 22, 1932.
State's Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 64.

The opinion states the case.

*T. R. Mears,* of Gatesville, and *A. R. Eidson,* of Hamilton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, assault to murder; the punishment, two years in the penitentiary.

The difficulty took place at night at a dance, but outside of the house and at a place where it was comparatively dark.   Appellant's brother, G. W. Tyler, referred to by the witnesses as "G. W.," and the injured party got into an argument and during this argument the injured party, Lester Dollins, was stabbed in the side or back and from the effects of this stabbing the injured party was confined in the hospital some ten or twelve days.

Appellant complains by a proper bill of exception of the failure of the trial court to charge on the law of circumstantial evidence, claiming that the state's case is based solely on circumstantial evidence.

The injured party, Lester Dollins, testified that he did not know who stabbed him; that he was stabbed from the back at the time he was engaged in a dispute with G. W. Tyler.

Paul Young, a witness for the state, testified that he did not remember seeing the appellant near the difficulty.

Rube Myers, another state's witness, testified that he saw the appellant just outside of the house and he did not see his face, but that the person he saw fitted the description of the appellant; that he did not recognize the appellant and could not testify that it was he except that it fitted his description. He saw the person stab Lester Dollins, but that he just came up and struck him like he was punching him; that he just struck him once, and when Dollins was stabbed he jumped backwards and the man who looked like the appellant stood there a few minutes and then he ran; that he saw Less Whatley come out and hit one or the other of the Tyler boys right after the injured party was stabbed; that to the best of his opinion, Whatley struck G. W. Tyler, the brother of the appellant. The witness further testified that he did not positively know the Tyler boys apart and he was with them more at the dance than any other time before or since.

Less Whatley testified for the state that Lester Dollins and G. W. Tyler, appellant's brother, were having an argument and he, the witness, walked up pretty close and the appellant came along and hit Lester Dollins in the side with a knife, and then after a while he, the witness, hit the appellant on the head. On cross-examination, the witness was asked, "At the time of this stabbing, you didn't recognize who did the stabbing at that time?" And he answered, "I think so. I believe I did." When asked the question, "Didn't you arrive at that by inference and argument; at the time the party did the stabbing you at that time didn't recognize who it was?", the witness answered, "Not right at that time." When asked the question, "And since then you have decided that it was Elmo?" He answered, "Yes, sir." The witness also testified that the party he hit on the head or about the face was the party who did the stabbing. In answer to the question, "If you should be mistaken as to who you hit on the head you would then be mistaken as to who did the stabbing?" the witness answered, "I don't know whether I would or not." In answer to the question, "If it is a fact that you did not hit Elmo on the head but hit somebody else, then Elmo didn't do that stabbing?" the witness answered, "I would be mistaken about it then."

The state introduced one or two witnesses to the effect that the next morning after the difficulty, the appellant in discussing the case said, "I don't know who did it but as I stepped outside of the house somebody hit me and went back into the house."

The appellant denied doing the cutting. He also denied making the statement alleged to have been made by him the next morning, and testified that what he did say was, "I would hate to have gotten out there and got hit and gotten a knot on my head." The appellant was corroborated in his testimony by several witnesses.

It is a well established principle of law that "if the main fact in the case is proven as a matter of inference from other facts in evidence, the

case rest wholly, in a legal sense, upon circumstantial evidence." Branch's Ann. P. C., sec. 2478; Goode v. State, 56 Texas Crim. Rep., 418, 120 S. W., 199; Stewart v. State, 71 Texas Crim. Rep., 480, 160 S. W., 381. The question to be considered is: "Have we in this case any direct testimony of appellant being the person doing the stabbing of the witness Dollins? As we consider the testimony of the witness Whatley, he did not positively identify the appellant as the person who did the cutting. In other words, his identification of the appellant, as it appears from the whole of his testimony taken together, is based upon inference from the facts in evidence that occurred at the time of the cutting. If we accept as true the proof of witnesses for the state that the next morning the appellant admitted that he was struck upon the head by some one, but denied stabbing the witness Dollins, it is only by process of inference that it can be considered as a confession or admission of the stabbing of the witness Dollins. We are of the opinion that the facts of the case call for a charge on circumstantial evidence, and the failure of the court to so charge is reversible error.

Appellant, by bill of exception, also complains of the failure of the trial judge to submit to the jury a charge covering the exculpatory statements of appellant made to the witness Arthur Edwards and testified to by him. We do not consider that this shows reversible error. The state did not rely for conviction alone upon the admission of the appellant. "If the state does not rely for a conviction alone upon the admission or confession of defendant, but introduces evidence in rebuttal of the confessions and admission, it is not error to refuse to charge that the state is bound by the whole of an admission or confession containing exculpatory statements." Branch's Ann. P. C., sec. 73; Slade v. State, 29 Texas App., 392, 16 S. W., 253; McKinney v. State, 48 Texas Crim. Rep., 404, 88 S. W., 1012; Whorton v. State, 69 Texas Crim. Rep., 1, 152 S. W., 1082; Loan v. State, 69 Texas Crim. Rep., 221, 153 S. W., 305, 43 L. R. A. (N. S.), 844; Powdrill v. State, 69 Texas Crim. Rep., 340, 155 S. W., 231.

For the failure of the court to charge on circumstantial evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehearing, insisting that we were in error in holding that appellant was entitled to an instruction upon the law of circumstantial evidence. A further review of the testimony does not lead us to believe we were mistaken in the con-

clusion announced in the original opinion. In the case of Johnson v. State, 119 Texas Crim. Rep., 260, 43 S. W. (2d) 263, the same principle of law was considered, although the facts are somewhat different.

The motion for rehearing is overruled.

*Overruled.*