JOHN DYKES v. THE STATE.

No. 18735.   Delivered February 17, 1937.

The opinion states the case.

*E. J. Conn,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of theft of hogs, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

It appears from the record that R. W. Poland had some hogs running on the open range in Angelina County, Texas; that sometime about the 10th of July, 1936, he missed some of his hogs; that he began to search for them and upon information obtained from Mr. Gainer he went to the home of Clarence Costner in the town of Lufkin and there found in Costner's pen six of his hogs. The testimony shows that Costner bought the hogs from appellant who lived in Jasper County. When, where, or how appellant came into possession of the alleged stolen hogs is not disclosed by the record. Appellant did not testify at the trial; nor had he made any statement of how he came into possession of the hogs.

Appellant's main contention is that the court erred in failing to instruct the jury on the law of circumstantial evidence. It occurs to us that the appellant's position was well taken. The State's case depended primarily upon the circumstance of possession of recently stolen property. There was no direct testimony as to the taking of the hogs by appellant. In the absence of such testimony the case depended entirely upon circumstances to establish the appellant's guilt. Hence the court should have instructed the jury on the law of circumstantial evidence. See Goode v. State, 56 Texas Crim. Rep., 418; Brown v. State, 72 S. W. (2d) 269.

Appellant's next contention is that the court erred in giving the following instruction:

"You are further charged that where property is stolen in one county and carried off by the offender to another, he may be prosecuted either in the county where he took the property or in any other county through or into which he may have carried it, and in this connection you are charged that if you believe beyond a reasonable doubt that the hogs in question were unlawfully taken, but that they were taken in Jasper County, but you further believe beyond a reasonable doubt that the said hogs were taken by the defendant and by him transported into Angelina County, you will find him guilty as charged in the indictment. . . . If you have a reasonable doubt as to whether such hogs were taken into Angelina County by the defendant, or that they were unlawfully taken, you will find the defendant not guilty."

His objection to the same was that the evidence was insufficient to raise this issue. We cannot agree with him in his contention. The State proved circumstances from which it might be inferred that appellant stole the hogs in Angelina County and took them to his home in Jasper County. There were also circumstances proven from which it might be inferred that he took possession of the hogs in Jasper County and delivered them to the purchaser in Angelina County. If, however, he took the hogs in Angelina County under such circumstances that the taking thereof would constitute theft and carried them to Jasper County or if he took the hogs in Jasper County under such circumstances as that the same would constitute theft and thereafter delivered them to Costner in Angelina County, he might under the statute be prosecuted in either county. The court in his charge should have instructed the jury that if they believed from the evidence beyond a reasonable doubt that appellant took the hogs in question in Jasper County under such circumstances as that the taking thereof would constitute theft and carried them into Angelina County or if he took the hogs in Angelina County under such circumstances as that the taking thereof would constitute theft and carried them into Jasper County, he might be prosecuted in either county because if he took them under some other circumstance, he might not be guilty of theft.

Appellant also complains because the court declined to give his requested special instruction number two which reads as follows:

"You are further instructed that if you find that the hogs

in question were taken by the defendant in Jasper County, Texas,. more than four hundred yards from the boundary line of Angelina County, Texas, and were not transported by the defendant through or into Angelina County, Texas, or if you have a reasonable doubt thereof, you will acquit the defendant."

We think that under the facts in this case appellant was entitled to such an instruction or one of like import.

All other matters complained of have been considered by us and are overruled.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.