Joe MURPHY, Appellant,

v.

The STATE of Texas, Appellee.

No. 41094.

Court of Criminal Appeals of Texas.

Feb. 28, 1968.

Rehearing Denied April 3, 1968.

Stone & Davis by, Everett Stovall, Freeport, Carl E. F. Dally, Houston, for appellant.

Ogden Bass, Dist. Atty., Wallace N. Shaw, Asst. Dist. Atty., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is the possession of whiskey for the purpose of sale in a dry area; the punishment, a fine of $1,000 and one year in the county jail.

It was stipulated that Brazoria County was a dry area.

The appellant challenges the sufficiency of the evidence to support the conviction, and complains of the failure of the court to respond to his request and instruct the jury on the law of circumstantial evidence.

Inspector Perkins of the Texas Liquor Control Board, working as an undercover agent on July 11 or 12, 1966, asked Charles Blackburn Ray, a cabdriver, if he could get some whiskey for him, and he said, "Come on, let's go," and Ray drove the agent and his wife to appellant's grocery store. Perkins gave Ray some money, and Ray went to a side door of the store, knocked and the door opened, and a hand passed out a pint bottle of whiskey in a paper sack, and Ray placed six dollars in the hand and then gave Perkins the whiskey on returning to the cab. There is no testimony identifying whose hand it was that passed the whiskey through the door to Ray.

On July 13, Perkins again told Ray that he wanted some whiskey, and on going to

appellant's store Ray parked at the side and went to the side door, but soon returned without any whiskey; that Ray and Perkins then drove about one-half block to a lounge where Ray told the appellant he had someone who needed some whiskey. The appellant made no response, but left the lounge walking toward the store, and was last seen on the sidewalk approximately 15 or 20 feet from the front door of the store, but no one saw the appellant enter the store. Ray returned to the store, went to the same side door, and after he knocked, a pint of whiskey was passed through the door by a hand, and Ray paid for it and returned to the cab. No one identified the person who passed the whiskey to Ray.

After obtaining a search warrant for the appellant's store, the inspector and other officers went to the store about 10 p.m., to execute the search warrant. They knocked on the same side door that Ray did, and the appellant came to the door and they informed him of their purpose to search. On entering the building, they found no one there but the appellant. In searching appellant's place, which consisted of the store in front with living quarters in the rear and a rest room, the officers found two pint bottles of whiskey in separate paper sacks on a chest of drawers which was about six feet from the side door.

Proof was offered that the appellant had leased and was occupying the store at the times in question in this case.

The appellant did not testify, but called one witness, who testified that he was living with the appellant in the living quarters of the store at the times here in question; that on the evening preceding the search he had bought two pints of whiskey to drink and had left them on the chest in the living quarters; and that the whiskey he had bought was the same as that exhibited to him while testifying.

■ The evidence is sufficient to support a finding that the appellant possessed the two pints of whiskey for the purpose of sale.

■ The amount of whiskey found by the officers on the search of appellant's place was not sufficient to raise the prima facie presumption that the whiskey was possessed for the purpose of sale. Art. 666–23a(2), P.C.; 3 Branch 2d 18, Sec. 1280.

To identify appellant as the person who sold whiskey at the side door and to show that he possessed the two pints of whiskey found by the officers, the state was required to rely upon circumstantial evidence.

■ From the nature of the evidence, it is concluded that the refusal of the court to charge the jury upon the law of circumstantial evidence calls for a reversal. 33 Tex.Jur.2d 254, Sec. 124; Haswell v. State, 104 Tex.Cr.R. 454, 284 S.W. 221; Patrick v. State, 106 Tex.Cr.R. 205, 291 S.W. 901.

For the error pointed out, the judgment is reversed and the cause is remanded.