## H. E. McCraw v. The State.

No. 23645. Delivered May 7, 1947.
Rehearing Denied June 4, 1947.

*Allison & Chandler,* of Levelland, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a period of two years.

The record reflects that on the night of December 14th, 1945, someone broke into the Muleshoe Elevator located in Bailey County and took therefrom a saddle and bridle. Appellant was subsequently arrested, and while under arrest, he made a voluntary confession in which he admitted that he broke into the building on the night in question; that he took the saddle and bridle; carried it to Roswell, New Mexico, where he sold them to Carl Johnson, a second-hand dealer. The saddle in question belonged to W. D. Moore, the manager of the Muleshoe Elevator Company, who testified that the appellant had subsequently paid him for the saddle.

The only question brought forward for review relates to the introduction in evidence of appellant's confession which he made to the sheriff of Bailey County. He contends that he was under arrest at the time; that a proper predicate for its introduction had not been laid. The State, before introducing the confession, placed the sheriff on the witness stand, who testified that he gave appellant the warning appearing at the top of the statement which was in statutory form, however, he couldn't say that he gave it verbatim. He further testified "I told appellant that he didn't have to make any statement at all; that if he did make a statement, it could, and probably would be used against him if he came to trial. That statement was taken at Levelland in the presence of Hofacket and McKee; that Hofacket was present and that McKee was there part of the time. He saw the defendant sign it; that he, the sheriff, didn't tell him anything to get him to sign it. He merely asked him if he would sign it; that he heard Hofacket talking to the defendant, but he didn't remember that Hofacket told the defendant that he knew he did this. He didn't hear Hofacket tell him that the question was just for how long and that we were going to see that it was going to be rough if he didn't help clear this thing up; that he, the sheriff, didn't tell him that if he would help clear it up that he would make it lighter on him, nor did Hofacket tell him anything like it. He might have told him that we would have to go to a lot more expense and trouble, but he didn't tell him that it would be less trouble on him. He told him that it would help me; that the harder he fought, the harder we would fight. He didn't read the statement to him before he signed it; that he asked appellant to read it. He read it, I believe. He took time to do so. Before the statement was made, the defendant and I went to Roswell, New Mexico, to get the saddle. He pointed out to us the second-hand shop where he sold the saddle to Carl Johnson, a second-hand dealer in Roswell. Johnson had sold it and we didn't get the saddle."

The appellant did not introduce any evidence which raised the issue that the statement had been obtained from him by any promise of leniency, threats, coercion, or force. The fact that the officers might have told him that the harder he fought, the harder that they would fight did not render the confession inadmissible. See Smith v. State, 91 Tex. Cr. R. 15, Thomas v. State, 35 Tex. Cr. R. 178, Anderson v. State, 54 S. W. 581, and cases there cited.

Even though the confession may have been made in response to questions, this would not vitiate it under the holding of this

494

Court in the following cases: Greer v. State, 45 S. W. 12, Tidwell v. State, 47 S. W. 466, Carmicheal v. State, 54 S. W. 904.

Having reached the conclusion that the confession of the appellant appears to have been made voluntarily after the warning had been given him, the same was admissible. Therefore, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judge of the Court of Criminal Appeals and approved by the ·Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion appellant insists that we erroneously held in our original opinion that his confession was properly admitted in evidence. This question has again been carefully scrutinized, and the bill presenting it re-examined in the light of the contention in appellant's motion. We remain of the opinion that no error was committed in permitting the confession to go to the jury.

The motion for rehearing is overruled.