GENE CASTILLIO V. STATE.

No. 26,497. June 24, 1953.

*Walker F. Means*, Pecos, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary; the punishment, two years.

A barber-tailor shop in the town of Toyah was broken into during the nighttime, and two electric clippers were taken therefrom. The clippers were later recovered by the officers from a locker in the depot at Pecos.

The only evidence connecting appellant with the burglary was his written confession.

Appellant objected to the introduction of the confession in evidence on the ground that it was "incompetent, irrelevant and immaterial and no proper foundation laid." He now urges in this court that it was not shown that the person to whom the statement was made gave appellant the required warning.

The confession recited that Curtis McElroy gave the warning. McElroy testified that the confession was made to him and one Pink Harbert. He was then questioned as follows:

"Q. Now, I will ask you whether prior to the time the statement was made to you there in the presence of Mr. Harbert, you warned the defendant, first, that he did not have to make any statement at all and, second, that if he did, anything he said could be used in evidence against him on any trial or trials that grew out of the offense which he was charged? A. We did.

. . . .

"Q. Will you state whether or not you read that printing to him word for word as it appears there? A. We did."

On cross-examination we find the following:

"Q. Then as a matter of fact, Mr. McElroy, you didn't warn him then he didn't have to make any statement at all that could be used against him did you? A. Oh yes, we did that, sir.
"Q. *You* did? A. Yes, sir.
"Q. When did *you* do that? A. Before he made the statement, before he even started writing it down." (Italics ours.)

The fact that Officer Harbert was not sure as to who had given the warning, at most, raised an issue as to that fact. We find no objection to the charge because of the failure of the court to submit such issue to the jury.

In Sanchez v. State, 155 Tex. Cr. R. 364, 235 S. W. 2d 149, and Pineda v. State, 157 Tex. Cr. R. 609, 252 S. W. 2d 177, an issue was made as to whether the warning had been given. In each case, we held that the trial court properly submitted that issue of fact to the jury for their determination.

In the Sanchez case, the trial court instructed the jury, in part, as follows: "So in this case, if you believe from the evidence that the person taking such written statement or confession did not so warn the defendant . . . or if you have a reasonable doubt as to whether he was warned as hereinabove set out by the person taking such statement or confession . . . then you will wholly disregard such alleged written statement or confession."

We overrule appellant's contention in this respect.

Appellant did not testify but called his sister, who testified that appellant did not understand English very well.

The state offered several witnesses, who testified that appellant spoke English with ease. We think the evidence is sufficient to show that he understood the statements contained in the confession, which was prepared in English.

The evidence is sufficient to support the conviction. Turner v. State, 109 Tex. Cr. Rep. 301, 4 S. W. 2d 58; Gandy v. State, 99 Tex. Cr. R. 673, 271 S. W. 97.

Finding no reversible error, the judgment of the trial court is affirmed.