## CLARENCE COLLINS V. STATE

No. 33,514.   October 2, 1961
Motion for Rehearing Overruled January 10, 1962

*Foreman & Walsh,* by *William F. Walsh,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Charles C. Castles,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, 99 years.

This is a companion case to Morgan v. State, (Page 187 of this volume), 346 S.W. 2d 116, wherein appellant's co-indictee, Maggie Morgan, was convicted for the murder of Mrs. Wilma B. Selby, deceased, and assessed punishment at death.

The evidence adduced by the state in the two cases, with exception of appellant's written confession, is substantially the same, and, as fully set forth and found sufficient in the opinion of this court affirming the death penalty conviction, shows that on the night of November 16, 1959, the deceased was killed by two shots fired from a .22 caliber pistol after she entered her home in the city of Houston. The state's proof reflects that it was appellant who fired the fatal shots in executing his part of a conspiracy entered into between the deceased's husband Joseph Selby, Patra Mae Bounds, Maggie Morgan, and appellant, whereby Selby agreed to pay and did pay a sum of money for the killing of his wife.

Appellant's written confession, made to the officers following his arrest, was introduced in evidence by the state over appellant's objection, in which confession he described in detail his participation in the conspiracy to kill the deceased and the firing of the two shots which killed her on the night in question.

Appellant did not testify but offered evidence in support of his contention that the confession was illegally obtained from him and in support of his defense of alibi.

The court, in his charge, submitted to the jury the issue as to the voluntary nature of the confession and appellant's defense of alibi.

Appellant's contention on appeal is that the conviction must be reversed because the confession used by the state was inadmissible as a matter of law. Appellant insists that under the facts presented the confession is shown to have been obtained in violation of Articles 726, 727 and 727a, V.A.C.C.P., and the due process of law clauses of Art. 1, sec. 19, of Vernon's Ann. Texas Constitution and the 14th Amendment to the Constitution of the United States.

A summary of the facts and circumstances surrounding the making of the confession reflects the following:

On December 12, 1959, at approximately 9:30 p.m., the appellant, a colored man 23 years of age, was first taken into custody by certain officers at the home of Maggie Morgan in the city of Houston. No warrant had been issued for his arrest. Appellant was then taken to the police station and, after being

questioned for a very short time, placed in jail. There is no evidence that appellant was questioned in any manner the next day. The following day, December 14th, he was questioned for twenty or thirty minutes and made a statement in the form of an affidavit. After being given a polygraph examination appellant was released around 6 p.m., without any charges being filed against him.

On January 19, 1960, appellant was again taken into custody at his home in the city of Houston around 8 p.m., without a warrant having been issued for his arrest. From his home he was taken to the Ranger headquarters in the city where he remained until approximately midnight. There was no actual questioning of appellant at such time.

Around midnight appellant was taken by the officers from Ranger headquarters to Humble, Texas, some ten or twelve miles away, where he was placed in jail after being charged by complaint before a justice of the peace under the name of Joe Smith for the offense of vagrancy.

The following afternoon (January 20) three colored officers went to the Humble jail and returned appellant to the Ranger headquarters in Houston, arriving at approximately 5 p.m. Appellant had been given coffee and doughnuts for breakfast and upon being returned to Ranger headquarters declined the offer of food, stating that he had just eaten two hamburgers.

After being returned to Ranger headquarters appellant was questioned by several officers, starting at 6:30 p.m. Around 9 p.m., Officer Baker (the person to whom the statement introduced in evidence was made) talked to appellant for 30 to 45 minutes. Appellant then made a statement which was reduced to writing over a period of two hours, which was completed around midnight. At 1:25 a.m., appellant was given a polygraph examination lasting six to eight minutes. Another examination was given at 2:05 a.m., lasting the same length of time. At approximately 3:15 a.m., Officer Baker again talked to appellant, at which time appellant confessed to the crime. The statement was reduced to writing, beginning at 4:30 a.m., and completed at 7 a.m., at which time appellant signed the same. This statement was introduced in evidence, over appellant's objection, as state's exhibit No. 22.

After appellant confessed to the crime, charges were filed against him and a warrant issued for his arrest at 4:30 a.m. At 9 a.m., appellant was taken before a magistrate.

The evidence shows that no promises were made by the officers to appellant during their questioning of him and there was no physical violence inflicted upon him or threats of same during such questioning.

Medical experts called by appellant testified that he was of low intelligence but not so low as to be classed as mentally defective. They further described him as being weak in character, like that found in children between the ages of three to six, and having an abnormally low tolerance for stress.

The fact that appellant was arrested without a warrant and was not taken forthwith before a magistrate does not, standing alone, vitiate the confession. Dimery v. State, 156 Tex. Cr. R. 197, 240 S.W. 2d 293; Golemon v. State, 157 Tex. Cr. R. 534, 247 S.W. 2d 119, certiorari denied, 344 U.S. 847, 73 Sup. Ct. 60, 97 L. Ed. 659; Sampson v. State, 160 Tex. Cr. R. 302, 268 S.W. 2d 661; Gallegos v. Nebraska, 342 U. S. 55; Brown v. Allen, 344 U. S. 443; Stein v. NewYork, 346 U. S. 156; Lyons v. Oklahoma, 322 U. S. 596; Townsend v. Burke, 334 U. S. 736, and Stroble v. California, 343 U. S. 181. Before a confession will be held inadmissible for such a reason a causal connection must be shown between the failure to secure a warrant and take the accused forthwith before a magistrate and the securing of the confession. There is no such showing in the present case.

In Gallegos v. Nebraska, supra, the accused, a Mexican farm hand, was arrested in El Paso, Texas, at the request of the United States Immigration and Naturalization Service and booked on a charge of vagrancy. Four days later, while in custody of the officers in Texas, he confessed to a murder committed in the State of Nebraska. After eight days' custody in Texas, he was taken by the officers to the State of Nebraska, where, upon further questioning he made and signed a second confession to the crime. The accused was not taken before a magistrate either in Texas or Nebraska prior to making the confessions and it was not until fifteen days after he was returned to Nebraska that he was brought before a magistrate. Upon his trial for the crime in the State of Nebraska, both confessions were introduced in evidence. The Supreme Count of the United States, in upholding the conviction, for manslaughter, held that under the

facts and circumstances the failure to take the accused before a magistrate prior to the time he made the confessions did not constitute a denial of due process.

The fact that appellant was carried to the jail at Humble and incarcerated under an assumed name would not within itself vitiate the confession. There is an entire absence of any proof that appellant was aware of the fact that he was confined in jail under such a name. While we do not condone the practice of having the suspect placed in an out-of-city jail under a name other than his own, since he was not interrogated while under such confinement, we do not view the totality of the facts in this case as a deprivation of due process. Nor does the fact that appellant was questioned at the Ranger headquarters in Houston rather than at the courthouse or police headquarters, vitiate, within itself, the confession. Such action was explained by the officers in stating that the reason they took appellant to Ranger headquarters was that they wanted their investigation kept secret from the other suspects in the case.

The fact that appellant was given a lie detector test prior to making the confession did not render the same inadmissible. Gasway v. State, 157 Tex. Cr. R. 647, 248 S.W. 2d 942, and Webb v. State, 163 Tex. Cr. R. 391, 291 S.W. 2d 331.

The evidence does not show that appellant is an illiterate. He stated in his confession that he went to the low twelfth grade in school. His brother testified that he went to the low fifth grade. Both doctors called by appellant stated that he was not mentally defective.

It is held that "mere questioning of a subject while under arrest or in custody is not prohibited by either the common law or due process." Golemon v. State, 157 Tex. Cr. R. 534, 247 S.W. 2d 119. We are unable to agree that appellant was questioned an unreasonable length of time.

Appellant was not denied the right of consultation with an attorney or any member of his family, as there is no evidence whatsoever that he made any request to see or to consult with anyone. Nor is there any evidence that anyone requested and was denied the privilege of seeing him.

We have considered the decisions by the Supreme Court of the United States cited by appellant, in which confessions were held to have been illegally obtained in violation of the due proc-

ess clause of the 14th Amendment to the Federal Constitution. If this court is convinced that a confession is inadmissible as a matter of law under the holdings of the Supreme Court of the United States, we do not hesitate to so hold. Stickney v. State, 169 Texas Cr. R. 533, 336 S.W. 2d 133.

None of the cases cited have facts and circumstances on all fours with those in the present case and, in our opinion, they are not here controlling.

In Watts v. Indiana, 338 U.S. 49, 93 L. Ed. 1801, the confession was obtained from the accused after an unrelenting interrogation by the officers, in relays, for five nights, with the accused accorded no opportunity for sleep and no decent allowance for food. No such facts are presented in the present case.

In Spano v. New York, 360 U. S. 315, 3 L. Ed. 2d 1265, the accused was questioned for eight hours, during which time deception was practiced upon him by virtue of certain false representations make by an officer. Also, his request to see an attorney was denied.

The confession in Chambers v. Florida, 309 U. S. 227, 84 L. Ed. 716, was made by the accused following an all-night session after continued questioning over a period of five days.

In Ward v. State of Texas, 316 U. S. 547, 86 L. Ed. 1663, the accused was removed to another county 100 miles away and for three days was driven from county to county, during which time he was continually questioned by the officers and told of threats of mob violence.

In Haley v. Ohio, 332 U. S. 596, 92 L. Ed. 224, the accused was a young boy fifteen years of age.

In Reck v. Pate, 81 Sup. Ct. 1541; 6 L. Ed. 2d 948, the accused, 19 years of age, confessed to the crime after being questioned six or seven hours a day for four days, during which time he was without adequate food and became ill on the night before he confessed. The father of the accused was also denied the right to see him.

In Culombe v. Connecticut, 81 S. Ct. 1860; 6 L. Ed. 2d 1037, the accused was in custody four nights and the substantial portion of five days before he confessed. He was mentally defec-

tive. While being questioned he stated that he wanted to see a lawyer but the officers made no attempt to give him the help he needed to get one. During such period he was confronted by his wife, who, by pre-arrangement with the officers, asked him to tell the truth. She was accompanied by two of the accused's children, and the scene with his family caused him to to be upset.

Under the record presented, we are unable to agree that the confession is shown to have been illegally obtained from appellant in violation of the due process clauses of our State and Federal Constitutions, and that the same was inadmissible in evidence as a matter of law.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

BELCHER, Judge.

Appellant now contends for the first time on appeal that the trial court erred in refusing to give his specially requested charge or to respond to his objections for its failure to instruct the jury that, in determining whether his written statement was voluntary, they must also decide whether the statement was made without persuasion.

The court also refused to give appellant's requested instruction which was as follows:

"You are instructed that the word 'persuasion' as used in this charge, has its ordinary meaning of influencing the mind by means of arguments and reasons."

For reversal, the appellant relies on the holding in Odis v. State, 345 S.W. 2d 529. An examination of the Odis case shows that he testified in his own behalf, and his testimony raised the issue of whether his written statement was made without compulsion or persuasion. Therefore, the refusal of the court to instruct the jury that they could not consider the written statement unless they found that it was made without compulsion or persuasion was prejudicial to his rights and called for a reversal.

The appellant did not testify in this case. A re-examination of the record does not show that the issue of persuasion was raised by the evidence except that appellant was told to "tell the truth". This admonition is not the type of inducement which would require a rejection of a confession. Smith v. State, 237 S.W. 265.

The court, in charging the jury on the voluntary nature of appellant's written confession, included certain legal standards for determining its admissibility and consideration, and such charge reads in part as follows:

"If you believe from the evidence or if you have a reasonable doubt thereof that the said purported statement was not freely and voluntarily made and signed by the defendant, or that same was made as a result of coercion, compulsion or force either physical or mental, then you will not consider said statement for any purpose whatsoever."

The refusal of the requested charge, in the absence of any evidence raising the issue that the written statement was obtained from the appellant by persuasion, presents no error. Mc-Craw v. State, 202 S.W. 2d 240.

In the original opinion, it was not intended to infer, as construed by appellant, that appellant was not interrogated while in custody under a name other than his own. It is true that appellant was interrogated at Ranger Headquarters after he had been placed in jail in Humble under such name, but as stated in the original opinion, he was not interrogated while under confinement in the Humble jail. It is again concluded that the officers' action in placing appellant in jail under a name other than his own does not, in view of the totality of the facts, constitute a deprivation of due process.

Appellant attacks the holding in the original opinion that there was no evidence of causal connection "between the failure to secure a warrant and take the accused forthwith before a magistrate and the securing of the confession."

A review of the evidence sustains the conclusion that there was no showing of causal connection between the arrest and failure to take appellant before a magistrate and the making of the written statement.

The motion for rehearing is overruled.

Opinion approved by the Court.