JESSIE FERNANDEZ, ALSO KNOWN AS JESUS FERNANDEZ, JR.
V. STATE

No. 33,726. January 10, 1962
Motion for Rehearing Overruled February 14, 1962

*E. A. Blair,* (on appeal only), Lubbock, and *Wicks & Wicks,* Ralls, for appellant.

*George E. Gilkerson,* District Attorney, *J. L. Bass,* Assistant District Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

ON STATE'S MOTION FOR REHEARING

DICE, Judge.

Our prior opinion is withdrawn and the following substituted therefor.

The conviction is for murder; the punishment, life imprisonment.

The State's evidence shows that on Saturday night, March 12, 1960, appellant and the deceased attended a dance at the Analla Dance Hall in Lorenzo in Crosby County. Around 11 P.M., appellant and the deceased became engaged in a fight in which others present participated. In the fight the deceased received a knife wound which caused his death. Witnesses testified that during the fight they saw an open knife in the appellant's hand and observed appellant "swing" at the deceased and "backing him up" with the knife. Appellant was arrested between 1 and 1:30 A.M. and taken to the courthouse at Crosbyton, where he was questioned by Sheriff Alvie Ratheal. At such time, appellant denied being in the fight and at 3 A.M., he was placed in jail with his brother, Joe Fernandez, and Henry Garza, who had also been arrested in connection with the killing. The next morning, (Sunday) March 13, appellant was again questioned by the sheriff for approximately fifteen minutes and at such

time admitted having been in the fight and told the sheriff of the whereabouts of a knife which he had in the fight. Upon information furnished by appellant, Sheriff Ratheal went to appellant's home and recovered a single four inch blade knife with blood on the blade. The following day, (Monday) March 14, appellant and his brother, Joe Fernandez, and Henry Garza were taken, shortly after noon, to Lubbock where appellant consented to take a lie detector test. Thereafter, upon further questioning, appellant made and signed a written statement to Sheriff Ratheal around 5 P.M., in which he admitted participating in the fight and cutting the deceased with his knife. The confession was introduced in evidence as State's Exhibit No. 10, over appellant's objection.

Testifying as a witness in his own behalf, appellant admitted participating in the fight on the night in question, but denied that he cut the deceased or any person with his knife. Appellant repudiated his written confession made to Sheriff Ratheal; denied that he was warned before making the same; denied that he told the officers he cut the deceased and testified that while being questioned, he asked for a drink of water and was told that he could have a drink when the confession was completed. He further testified that at such time he was scared and was told that if he did not confess to the killing he would be sent to the electric chair. Sheriff Ratheal and the other two witnesses present at the time appellant made the confession, denied in substance that he was threatened or denied a drink of water.

Appellant predicates his appeal upon six formal bills of exception, which we shall discuss in numerical order.

By bill of exception No. 1, appellant contends that the court erred in admitting his written confession in evidence because it was not shown that he was warned by the person to whom it was made. The confession states and the record reflects that the confession was made to Sheriff Ratheal. The confession recites that appellant was, "* * * first being duly warned by Alvie Ratheal, the person to whom this statement is made, * * *" The only other persons present at the time appellant made the confession were Special Investigator Earl Bartley of the District Attorney's Office at Lubbock and Polygraph Operator Tom Barnes. Sheriff Ratheal testified that prior to appellant giving and signing the statement: "We advised him that if he made any statement it could be used in evidence against him, and that he didn't have to make any statement at all unless he chose." Appellant admitted that the statement was read to him. While

the witness, Earl Bartley, testified that he gave the warning to appellant, the record is sufficient to show that Sheriff Ratheal also gave appellant the warning. Castillio v. State, 158 Texas Cr. Rep. 644, 259 S.W. 2d 569. No reversible error is reflected by the bill.

By bill of exception No. 2, appellant insists that the court erred in failing to order appellant's name stated in the indictment changed to that suggested by him as required by Art. 496, V.A.C.C.P. The record reflects that appellant was indicted under the name of Jessie Fernandez. Upon arraignment, appellant suggested to the court that he bore a different name than that stated in the indictment and that his true and real name was Jesus Fernandez, Jr. Thereupon, the order of arraignment in the cause was changed to show the appellant's name to be Jesus Fernandez, Jr. The court's judgment and sentence in the cause refers to appellant as "Jessie Fernandez, also known as Jesus Fernandez, Jr." Appellant, while testifying as a witness in the case, testified that his name was Jessie Fernandez, Jr., and also signed his written confession by such name. There was proof from other witnesses that appellant was known by the name of Jessie Fernandez. Under the record, it appears that appellant went under two names, "Jesus Fernandez, Jr." and "Jessie Fernandez, Jr." In the early case of Hornsby v. State, 91 Texas Cr. Rep. 166, 237 S.W. 940, it was held that where the accused has two names, or has actually gone under two names, the provisions of Art. 496, supra, do not apply. The court's failure to order the name of appellant changed in the indictment does not present error.

Bill of Exception No. 3 presents appellant's objection to the court's charge because it did not instruct the jury that the state was bound by certain exculpatory statements contained in appellant's written confession which the state introduced in evidence. In his confession, appellant stated that he knew he cut the deceased, "* * * but I did not intend to kill him * * *." Appellant relies upon the rule that where the state introduces in evidence a confession which contains exculpatory statements, it is ordinarily incumbent upon the court to instruct the jury that the exculpatory statements are regarded as true unless disproved. While such is the rule in this state, it is subject to certain exceptions. One exception to the rule is that if the state does not rely for a conviction alone upon the confession, but introduces evidence in rebuttal of the same, it is not error to refuse to instruct the jury with reference to exculpatory statements. 1 Branch's Ann. P. C. 2d Ed., par. 95, p. 103-106; Tyler v. State, 121 Texas Cr. Rep. 25, 53 S.W. 2d 64. In the instant case the state did not

rely alone upon appellant's confession to connect him with the crime, but called witnesses who testified that at the killing they saw appellant striking at the deceased with a knife. No reversible error is reflected by the bill.

Bill of Exception No. 4 presents appellant's contention that his confession was not freely and voluntarily made and under the facts was inadmissible as a matter of law.

Appellant relies upon the case of Prince v. State, 155 Texas Cr. Rep. 108, 231 S.W. 2d 419, where a confession was held by this court to have been obtained under circumstances such as to constitute a denial of due process and render it inadmissible as a matter of law.

The Prince case is distinguishable from the case at bar because in that case the accused was taken, during his interrogation, to the scene of the crime before making the confession.

We find no undisputed facts which would render appellant's confession inadmissible as a matter of law.

While Sheriff Ratheal testified that on the night of the killing, he grabbed appellant by the collar and told him to tell the truth, such would not render appellant's confession, given two days later with no intervening physical force exerted upon him, inadmissible as a matter of law.

The failure to take appellant forthwith before a magistrate, does not in itself vitiate the confession. Williams v. State, 166 Texas Cr. Rep. 368, 314 S.W. 2d 308.

The fact that appellant was given a lie detector test prior to making the confession did not render the same inadmissible. Gasway v. State, 157 Texas Cr. Rep. 647, 248 S.W. 2d 942; Webb v. State, 163 Texas Cr. Rep. 392, 291 S.W. 2d 331 and Collins v. State, (page_____, this volume), No. 33,514, 352 S.W. 2d 841.

Appellant was not denied the right to confer with counsel and made no request that a lawyer be called. When asked by Sheriff Ratheal who was his lawyer, appellant replied: "Well, you find out the best way you can." We observe that there is no evidence that appellant made a request to see any of his relatives or that any came to see him and were turned away.

The disputed issue as to the voluntary nature of appellant's confession was properly submitted to the jury and the court did not err in admitting the confession in evidence.

By Bill of Exception No. 5, appellant complains of the court's action in permitting the state to show that Henry Garza, one of the other suspects in the case, also took a lie detector test. The record does not disclose the results of the lie detector test which was given to Garza. Proof that Garza took such a test does not call for a reversal of the conviction.

Appellant's remaining Bill of Exception No. 6 complains of the court's action in admitting in evidence a photograph taken of appellant shortly after his arrest, which showed that at such time he had a goatee, long hair and sideburns, whereas at the time of trial, appellant was clean shaven and had short hair. While we fail to see the materiality of such photograph, the admission of same in evidence would not, under the facts presented, warrant a reversal of the conviction.

We find the evidence sufficient to support the conviction and no reversible error appears.

Accordingly, the state's Motion for Rehearing is granted; our prior opinion, reversing and remanding the judgment of conviction, is set aside and the judgment is now affirmed.

Opinion approved by the Court.