Feliciano MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 40909.

Court of Criminal Appeals of Texas.

Jan. 3, 1968.

Rehearing Denied Feb. 21, 1968.

Marvin Foster, Corpus Christi, for appellant.

J. Taylor Brite, Dist. Atty., Jourdanton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, ten years in the Department of Corrections.

Appellant was represented at the trial by court-appointed attorney. On appeal counsel of appellant's choosing complains of the ineffectiveness of his court-appointed trial counsel and points to seven particular failures of trial counsel to take certain actions, such as, "did not cause the argument of counsel to be transcribed so that the record is silent as to any error that might have been committed during argument." No question as to the sufficiency of the evidence or the admission or exclusion of evidence is raised.

This Court has recently discussed the rights of an indigent accused to the effective assistance of counsel in Caraway v. State, 417 S.W.2d 159, and the test set out in MacKenna v. Ellis, 5 Cir., 280 F.2d 592, was adopted:

"We interpret counsel to mean not errorless counsel, and not counsel judged to ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance."

See also Williams v. Beto, 5 Cir., 354 F.2d 698, where it was said:

"As no two men can be exactly alike in the practice of the [legal] profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight."

We have examined the record, and while appellant's present counsel might not agree with the manner in which appellant's trial counsel handled the trial, there is nothing contained in the record which would indicate that the trial counsel was ineffective. See Ex parte Larkin, Tex.Cr.App., 420 S.W.2d 958, delivered November 29, 1967, for a partial listing of omissions by counsel which give rise to attacks on appeal on effectiveness of counsel. The contention that appellant was denied the effective assistance of counsel is not sustained by the record.

The judgment is affirmed.