**Gordon Ernest THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42381.**

Court of Criminal Appeals of Texas.

Nov. 26, 1969.

Jim Law, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tolle, Camille Elliott, and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is the unlawful sale of marijuana; the punishment, fifty years.

Appellant, in his first ground of error, contends that the trial court erred in failing to allow him to dismiss his court appointed counsel which he asked for during the trial.

Immediately after the state had rested its case, the court recessed for the day, and when it reconvened the next morning, the following proceedings were had outside the presence of the jury:

"The Court: Gentlemen, are we ready to proceed in Cause No. C–68–717–H, styled State of Texas vs. Gordon Ernest Thompson, alias Blood?

"Mr. Franks: Yes, Your Honor, defense is ready to proceed.

"The Defendant: I'd like this to go on my transcript, please.

"The Court: Have you taken this up with your attorney?

"Mr. Franks: We've talked. What he is saying now is against my recommendation, does the Court wish to know that—

"The Defendant: I'd just like to dismiss counsel.

"The Court: You want what?

"The Defendant: Dismissal of counsel.

"The Court: Well, it comes pretty late after the trial proceeding as far as it has at this time.

"The Defendant: Well, you see, he don't know nothing about trying it in the first place.

"The Court: Well—

"The Defendant: I only talked to him once and it was just, it wasn't five minutes, didn't have five minutes to explain my case to him.

"The Court: Well, of course, the Court is going to deny your motion at this time.

"The Defendant: Yes, sir. Well, I'd like to call a dismissal of the trial because of incompetent counsel and I failed to be arraigned by a magistrate or a Judge, already in jail when I was indicted on this.

"The Court: The Court will overrule your motion at this time. Be seated."

In his brief on appeal, the appellant complains of the overruling of his motion to dismiss his counsel and that he was not properly arraigned.

The record reflects that: The indictment was returned February 15, 1968, and the case was first set for trial on May 31, 1968. John Franks was appointed to represent appellant on May 31, 1968. Next, the case was twice passed before it was continued at the instance of the appellant on July 25, and reset for July 29. On July 30, 1968, both parties announced ready for trial, and the appellant was arraigned. The jury found the appellant guilty on July 31. Counsel Franks timely filed a motion for new trial. On August 13, the appellant filed his pro se motion for new trial. On October 4, the motion for new trial was overruled, the appellant was sentenced, notice of appeal was given, and Jim Law was appointed to represent the appellant on appeal.

The appellant first complained of his counsel and asked that he be dismissed after the state had closed its evidence in chief, and after an overnight recess, and when he was called upon by the court to present his evidence the next morning. The appellant did not ask to represent himself or that other counsel be appointed. The only reason given for wanting his counsel dismissed was because appellant stated his counsel was incompetent. In overruling appellant's objection and his motion for new trial, the court found adversely to that contention. No error is shown in the court's failure to grant appellant's motion to dismiss counsel. An accused's right to represent himself or select his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. United States v. Bentvena, 2 Cir., 319 F.2d 916.

The appellant testified in his own behalf. He denied making the sale of marijuana about 3 p. m., as the state's evidence reflects. In his testimony he accounts for his whereabouts until the afternoon of the day of the alleged sale, but he could not positively state where he was around 3 p. m., although he relates several places and persons whom he saw during the afternoon. He makes no complaint of the decision to testify in his own behalf or that his testimony was not fully developed or adequately presented.

An examination of the record in this case reveals nothing to indicate that "the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court," or was only perfunctory and in bad faith. Williams v. Beto, 5 Cir., 354 F.2d 698. See: Scalf v. Bennett, 8 Cir., 408 F.2d 325; Goodrum v. Beto, D.C., 296 F.Supp. 710; Stevens v. Nelson, D.C., 302 F.Supp. 968; Moreno v. State, Tex.Cr. App., 422 S.W.2d 443.

In his second ground of error, the appellant contends: "The trial court committed reversible error when the arraign-

ment of the defendant was not properly had."

The record reflects that arraignment took place before commencement of the trial proper although the jury had already been sworn and impaneled, but there is no showing that it was in the presence of the jury. This is in accordance with Art. 26.01 through Art. 26.15, Vernon's Ann.C.C.P., and the appellant was not prejudiced by this procedure. Barnes v. Beto, 5 Cir., 353 F.2d 208, cert. denied, 383 U.S. 920, 86 S.Ct. 918, 15 L.Ed.2d 675. The appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.