**Joe MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42483.**

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Kirby, Ratliff & Sansom by Ted L. Sansom, Littlefield, for appellant.

Jack Young, Dist. Atty., Muleshoe, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, fifty years.

The first ground of error is that the trial court erred in failing to charge the jury that the state was bound by the exculpatory statements made by the appellant which the state introduced into evidence.

The state's witness, Victor Aguilar, testified that the appellant, while at the

scene and immediately after the shooting, told him that he (appellant) had to do it because the deceased had tried to kill him; and Aguilar further stated that his best recollection of what the appellant told him was, "He try to get me so I shot him."

The appellant did not testify in his own behalf.

■ There was no objection to the failure of the court to charge on exculpatory statements and no requested charges thereon were submitted to the court. The failure to give such a charge was not error. Arts. 36.14 and 36.15, Vernon's Ann.C.C.P.

However, the record reflects the following:

Officer Cline testified that upon his arrival at the hospital immediately after the shooting he found the deceased in the x-ray room. That among those he asked at the hospital about the shooting was the appellant, who told him that he did not know who brought the deceased to the hospital or who shot him or where. After further investigation, Officer Cline again talked with the appellant who then told him that while he and the deceased were rabbit hunting one of the shells jammed in his rifle, and while trying to remove it, the rifle accidentally discharged shooting the deceased. When Officer Cline later asked appellant about the rifle, he said the gun was not a rifle but an "automatic revolver." Later when Cline returned with Chief of Police White to the hospital, they asked the appellant what they were doing when the shooting occurred, and he again said they were hunting rabbits. Cline and White searched the hunting area described by the appellant, but they failed to find anything which supported his explanation. After their return from the search, the appellant voluntarily took them to the car of Juan Aguilar at Aguilar's house where

he removed the pistol from the glove compartment and gave it to White. The pistol was a .22 caliber revolver which contained one empty shell, one misfired shell and four other live shells, and the appellant told White it was the pistol the deceased was shot with.

■ In light of the evidence, including the contradictory statements of the appellant, and the rule that where the state does not rely for a conviction alone upon the statements, but introduces evidence in rebuttal of the same, it is not error to fail to instruct the jury with reference to exculpatory statements. 1 Branch 2d 103, Sec. 95; 31 Tex.Jur.2d 697, Sec. 128; Fernandez v. State, 172 Tex.Cr.R. 68, 353 S.W.2d 434. For these additional reasons, ground of error No. One is overruled.

The second ground of error is that the court failed to submit to the jury the issue of self-defense as raised by the evidence.

■ In the absence of an objection to such failure or a requested charge submitting said issue to the jury, no error is shown. Arts. 36.14 and 36.15, V.A.C.C.P.

The third ground of error challenges the sufficiency of the evidence to support the conviction.

■ The appellant at first stated that he did not know who shot the deceased. He stated next that he had accidentally shot the deceased with a rifle while hunting rabbits; then, after taking the officers to an automobile, he handed an officer a .22 caliber pistol saying it was the pistol with which the deceased was shot. The Aguilar brothers testified that the appellant and the deceased were alone in a room of a residence when they came out of the adjoining bathroom after hearing a shot to find the appellant standing with the pistol in his hand and the deceased falling down saying to Victor Aguilar, "Joe kill me." This evidence is sufficient to

authorize the jury to find the appellant shot the deceased as alleged. The third ground is overruled.

The appellant contends that the trial court erred in refusing to grant his motion for new trial upon the ground of ineffective and incompetent representation by counsel.

The indictment was returned and filed on May 23, 1968. Counsel was appointed on May 29. The case was called for trial on August 26, and the appellant's bond was forfeited upon his failure to appear; but the forfeiture was set aside. The case went to trial on August 30th with the return of a verdict of guilty on August 31.

At the hearing on the motion for a new trial on November 27, appellant's counsel testified that he had been very active during the year and that his health had been better for the past two or three months. Counsel further testified that he had been practicing law for twenty-eight years, had tried a "lot" of criminal cases, and had averaged about one hundred cases each year. He also testified that he thought he was competent and physically able to try the case. The record reflects that the appellant was free on bond until his trial; and that counsel did confer with the appellant, although the appellant did not promptly respond to all of counsel's requests for conference. Counsel timely and properly prepared applications for summons of all the witnesses the appellant gave him.

The contention that appellant was denied competent and effective assistance of counsel is not sustained by the record. The fourth ground of error is overruled. Williams v. Beto, 5 Cir., 354 F.2d 698; Goodrum v. Beto, D.C., 296 F.Supp. 710; Moreno v. State, Tex.Cr.App., 422 S.W.2d 443.

The judgement is affirmed.