

# NUMBER 13-16-00680-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOE MARION LONGORIA JR.,                                              Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

## On appeal from the 36th District Court
## of San Patricio, Texas.

# MEMORANDUM OPINION
**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

By two issues, appellant Joe Marion Longoria Jr. challenges his conviction for possession of a controlled substance in penalty group 1 in a third-degree felony quantity. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102 (West, Westlaw through 2017 1st C.S.). Longoria argues he was: (1) denied his right to select the counsel of his choice, and (2) receive ineffective assistance of counsel at trial. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West, Westlaw through 2017 1st C.S.).

Additionally, through our review of the record, we have found a non-reversible clerical error in the judgment of conviction. We modify the judgment to correct the error and, as modified, affirm.

## I. BACKGROUND

Officer Keith Moore of the Aransas Pass Police Department testified that he pulled the vehicle over for failing to stop at a stop sign. *See* TEX. TRANSP. CODE ANN. § 544.010 (West, Westlaw through 2017 1st C.S.) At his request, all three occupants (the driver, the front-passenger, and Longoria) exited the vehicle. Upon a consented search of his person, Officer Moore found that Longoria was carrying a syringe hidden inside a flashlight and a measuring spoon with drug residue. Officer Moore testified that when he asked Longoria about what the residue was, Longoria responded that it was heroin.

During a search of the vehicle, specifically in the backseat area occupied by Longoria, Officer Moore found a plastic bag filled with a substance that tested positive for heroin. Neither the syringe nor the spoon were tested. Longoria, along with the driver and front-seat passenger, denied knowledge of the drugs found in the vehicle. Longoria was arrested for the possession of heroin.

Longoria was found guilty for possession of heroin. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102. The day after the jury returned its guilty verdict, and immediately before the sentencing hearing, Longoria expressed to the trial court that he wished to replace his counsel on the grounds that his counsel had not presented certain requested motions. Longoria did not elaborate as to what specific motions he wanted filed, only that he felt he "wasn't given a fair trial" and he "shouldn't be found guilty of this." The trial judge responded that his sentencing trial was that day and explained that Longoria's options were to represent himself with counsel's advice or to continue with trial counsel as his

2

representative. The judge also rejected Longoria's allegations that his counsel dismissed these motions for "fear of being chewed out" or so as not to "incur the wrath of the Court." Longoria chose to proceed with counsel as his representative.

Based on Longoria's plea of true to two prior felony convictions, the trial court sentenced Longoria to twenty-five years' imprisonment in the Texas Department of Criminal Justice — Institutional Division. *See* TEX. PENAL CODE ANN. § 12.42 (West, Westlaw through 2017 1st C.S.). This appeal followed.

## II. NO RIGHT TO APPOINTED COUNSEL OF CHOICE

By his first issue, Longoria alleges that he was denied his right to select the counsel of his choice when the trial judge did not allow new counsel to be substituted before his sentencing trial.

### A. Standard of Review

A trial court's ruling on a motion for withdrawal and replacement of appointed counsel is reviewed for an abuse of discretion. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (en banc).

### B. Applicable Law

Under the United States and Texas Constitution, a defendant in a criminal proceeding is guaranteed the right to have assistance of counsel. *Gonzalez v. State*, 117 S.W.3d 831, 836 (Tex. Crim. App. 2003) (citing U.S. CONST. amend. VI; TEX. CONST. art. I § 10; TEX. CODE CRIM. PROC. art. 1.05). "The right to assistance of counsel contemplates the defendant's right to obtain assistance from counsel of the defendant's choosing." *Id.* at 836-37. However, the right to "counsel of choice is not absolute." *Id.* at 837 (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)). "A defendant has no right to an

3

advocate who is not a member of the bar, an attorney he cannot afford or who declines to represent him, or an attorney who has a previous or ongoing relationship with an opposing party." *Id.*

The appointment of new counsel, however, is a matter solely within the discretion of the trial court. *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990); *see King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). "Texas courts have specifically held that an indigent defendant does not have a right to the counsel of his own choosing." *Trammell v. State*, 287 S.W.3d 336, 343 (Tex. App.—Fort Worth 2009, no pet.). "While there is a strong presumption in favor of a defendant's right to retain counsel of choice, this presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice." *Gonzalez*, 117 S.W.3d at 836. Issues such as "personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal." *King*, 29 S.W.3d at 566.

### C. Discussion

Longoria argues that the trial court erred in not allowing his counsel to withdraw and for new counsel to be substituted before the sentencing hearing. Longoria claims that the trial judge's denial of his request to fire and replace his counsel was arbitrary because no reason was given other than that the court wished for the sentencing to proceed as planned. Appellant claims this unreasonable and arbitrary interference with his right to select counsel rises to the level of a constitutional violation. *See Gonzalez*, 117 S.W.3d at 837. However, as in this case, where the defendant is indigent and counsel has been appointed, there is no established right to pick and choose one's representation. *See*

4

*Trammell*, 287 S.W.3d at 343. Furthermore, a trial judge holds the right to run his or her court effectively and safeguard orderly procedure. *See Thompson v. State*, 447 S.W.2d 920 (Tex. Crim. App. 1969). "[A]n accused may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel." *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). The trial court made Longoria aware of his right to represent himself and that his choice at that point was whether he wanted his counsel to reside in an advisory position or remain as his representative. Longoria chose to proceed to the sentencing phase with his assigned counsel as his representative.

Here, Longoria did not meet his burden of proving entitlement to a change of counsel. The trial court did not abuse its discretion by denying his day-of-trial request, and thus Longoria's first issue is overruled.

### III. NO INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, Longoria asserts that he did not receive effective assistance of counsel at trial. He alleges that his counsel's disregard of certain requested motions are specific acts that fall outside the range of professionally competent assistance.

**A. Applicable Law**

Claims alleging ineffective assistance of counsel are governed by the standard set out in *Strickland v. Washington*, which requires a defendant to meet the heavy burden of proving (1) that counsel's representation or advice fell below objective standards of reasonableness and (2) the result of the proceeding would have been different but for trial counsel's deficient performance. 466 U.S. 668 (1984); *Ex parte Bryant*, 448 S.W.3d 29, 39 (Tex. Crim. App. 2014). To prevent unfairly assessing attorney conduct in hindsight,

"there is a presumption that the trial attorney's performance conformed to prevailing professional norms at the time of trial—i.e., the challenged action 'might be considered sound trial strategy.'" *Bryant*, 448 S.W.3d at 39 (quoting *Strickland*, 466 U.S. at 689).

For an appellate court to find trial counsel ineffective, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Typically, when the counsel's motivations for tactical decisions are absent from the record, the appellant is unable to overcome the "strong presumption that counsel's conduct was reasonable." *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). "A vague inarticulate sense that counsel could have provided a better defense is not a legal basis for finding counsel constitutionally incompetent." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Courts look to "the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson*, 9 S.W.3d at 813. If the appellant fails to prove one prong of the test, the second prong need not be examined. *See Strickland*, 466 U.S. at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

**B. Discussion**

Longoria argues his trial counsel was ineffective because he failed to present numerous motions that Longoria had requested for his defense. Longoria claims by specifically disregarding these requests, counsel fell below an objective standard of reasonableness, and this satisfies the first prong of the *Strickland* test. Instead of disregarding his client's wishes, Longoria argues that counsel could have withdrawn based on the obvious conflict between them or followed Longoria's wishes by filing the motions

6

no matter how frivolous he found them. However, the motions referred to are not specified anywhere within the record. In light of the presumption of reasonableness, Longoria fails to meet the required specificity as to how counsel's actions could be deemed unreasonable. See *Bone*, 77 S.W.3d at 836; *Thompson*, 9 S.W.3d at 813. Here, the record shows that counsel was "not sure what some of that stuff was" but that he would not file a frivolous motion with the court. Under the presumption that counsel acts with "sound trial strategy" in mind, and absent any other proof in the record to "demonstrate the alleged ineffectiveness," merely deviating from a client's preferred method of defense does not equate to acting outside the range of professionally competent assistance. *See Thompson*, 9 S.W.3d at 813; *Bryant*, 448 S.W.3d at 39. Longoria cannot overcome the first prong of *Strickland*. *See* 466 U.S. at 690.

Assuming arguendo that Longoria satisfied the first prong of the *Strickland* test, Longoria does not adequately prove that the result would be different. *See Id.* The evidence in this case, as Longoria points out, is circumstantial. However, without knowing the motions Longoria Claims should have been presented, it is not possible to determine their effect on the case. Therefore, the unknown motions are not sufficient to undermine the confidence in the outcome of the case. *See Bone,* 77 S.W.3d at 833. Longoria has not satisfied the governing *Strickland* test and thus has failed to prove his claim of ineffective assistance of counsel. Longoria's second issue is overruled.

## IV.    REFORMATION OF THE JUDGMENT

On review of the record, we observe that the written judgment of conviction for possession of heroin contains non-reversible clerical errors. The judgment states that Longoria pleaded "not true" to the two prior enhancement paragraphs of the indictment.

7

However, in our review of the trial transcript, Longoria in fact pleaded "true" to the two prior enhancements alleged in the indictment.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing a court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that the Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we modify the judgment of conviction to reflect that Longoria pleaded "true" to both enhancement paragraphs.

**V. CONCLUSION**

We affirm the judgment, as modified.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
28th day of June, 2018.