**Affirmed and Memorandum Opinion filed October 10, 2023**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00512-CR

**DEVON GRANT MCCORKLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 355th District Court
Hood County, Texas
Trial Court Cause No. CR12602**

## MEMORANDUM OPINION

Appellant Devon McCorkle appeals the trial court's judgment and life sentence following the State's Motion to Proceed with Adjudication of Guilt. He contends the trial court twice abused its discretion and violated his Due Process rights: first, when it admitted evidence of his confession obtained by law enforcement following an alleged illegal polygraph, and second, when as he alleges it failed to consider the underlying facts and rationale that led to his "unsuccessful discharge" from the psychological counseling for sex offenders (and

thus violated a term of his probation). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2013, appellant was indicted in Hood County for the first-degree felony offense of sexual assault of a child. Tex. Pen. Code § 22.021. Specifically, he was charged with causing the penetration of the sexual female organ of "PG13" (a pseudonym), a child younger than seventeen (17) years of age. Later that month, appellant entered a written plea deal, which included his sworn judicial confession of guilt to the charge of sexual assault of a child, and in return, appellant received 8 years deferred adjudication community supervision.

Appellant's deferred adjudication community supervision agreement included standard conditions over appellant's conduct for the duration of the term, including the condition that he not commit any new offenses (Condition One), and the condition that he participate in and complete psychological counseling for sex offenders (Condition Eighteen). The judgment challenged on appeal follows from the hearing on State's motion to adjudicate wherein the State alleged that appellant violated these two conditions.

In its June 3, 2021, amended motion, the State alleged first that "on or about April 16, 2021", appellant "intentionally or knowingly caused the penetration of the sexual organ of 'NS11' (pseudonym), a child who was then younger than the age of 14 by [appellant's] finger, a violation of condition number one of this Court's order."[1]  The State also alleged that, "on or about May 15, 2021" appellant "was unsuccessfully discharged from psychological counseling for sex offenders. . .a violation of condition number eighteen of this court's order."

---

[1] Appellant was indicted for this new allegation under *State of Texas v. Devon Grant McCorkle*, CR15097, Hood County, District Court for the 355th Judicial District.

2

Appellant sought to suppress a polygraph he had consented to take regarding the allegations pertaining to NS11 as well as an interview he consented to that followed.  The trial court denied the motion to suppress, and the hearing on the motion to adjudicate immediately followed. Appellant pled "Not True" to the allegations.

The outcry witness, NS11's fifth grade teacher, testified about the outcry at the hearing, and that NS11 reported two instances of appellant's (NS11's uncle) inappropriate touching of her vagina, once over the past Thanksgiving holiday, and a more recent instance when appellant had inappropriately touched NS11's "swimsuit area," which her teacher understood to "mean her female sexual organ." The teacher reported the outcry to the police and then a forensic interviewer spoke with NS11 about the incident.

Neither NS11 nor the forensic interviewer testified at the hearing, but Investigator Robert "Dan" Bradshaw, who observed the interview, testified, without objection, that NS11 told the interviewer that when she "was young, [appellant] would pull down her pants and lick it" and that appellant touched her "swimsuit area with his finger, and she said he would try and push  it inside." Bradshaw's testimony at the hearing also included the details of appellant's confession.

After the contested hearing[2] on the State's amended motion, the Court found

---

[2] Appellant's probation officer also testified, principally about the State's allegation that appellant violated the eighteenth condition of his community supervision agreement—for being unsuccessfully discharged from psychological counseling for sex offenders.  Though appellant had been discharged under the program's rules for missing three sessions and not turning in certain assignments due, she admitted the only missed sessions occurred when appellant was in jail (and thus physically unable to attend) and that the assignments not turned in could have been due during the period in which the pandemic made it impracticable. However, because of the disposition of this appeal, it is not necessary to determine if the trial court committed error in determining that appellant violated Condition Eighteen of the order.

3

the allegations of appellant's violations of the two conditions to be true, adjudicated the appellant guilty, and sentenced him to life in prison. Appellant timely appealed.

## II. ISSUES AND ANALYSIS

We review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.). A revocation hearing is not a criminal prosecution, and the degree of proof required to establish the truth of the allegation in a motion to adjudicate guilt and revoke community supervision is not the same. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). The State must show by a preponderance of the evidence that the defendant committed at least one violation of the conditions of his community supervision. *Rickels*, 202 S.W.3d at 763–64; *Guerrero*, 554 S.W.3d at 273. The State satisfies its burden when the greater weight of the credible evidence before the trial court creates a reasonable belief that it is more probable than not that the defendant violated a condition of his community supervision as alleged in the State's motion. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc). The trial court abuses its discretion in revoking community supervision when the State fails to meet this burden. *Guerrero*, 554 S.W.3d at 273–74 (citing *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984)).

When reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to determinations of historical facts, especially when those determinations involve assessment of witness credibility and demeanor. *See Masterson v. State,* 155 S.W.3d 167, 170 (Tex. Crim. App. 2005). We review the trial court's ruling on an application of law to facts de novo. *Herrera v. State*, 194

S.W.3d 656, 658 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

In his first issue, appellant contends that "the Trial Court improperly relied on illegally obtained facts and testimonial evidence from an unlicensed polygrapher in the State of Texas who was also committing a Class B Misdemeanor charge by conducting the polygraph of Appellant." Appellant complains that the test and resulting confession should have been suppressed (1) because the examiner was neither properly licensed by the State of Texas to conduct polygraph examinations nor did he have a waiver of the required license, and (2) because he was not provided a complete record of the polygraph test as conducted by the examiner.[3]

Indeed, appellant presented evidence showing that the federal agent (secured by state law enforcement officials) who took the polygraph exam was not licensed by the State of Texas to conduct polygraph examinations, that then-existing proscribed procedures under the Texas Administrative Code were not observed, and that he did not obtain a waiver to conduct such a polygraph examination. We presume for the sake of argument, that the polygraph and the results should have been suppressed, that the trial court erred in admitting the polygraph and any

---

[3] Unlike in an ordinary criminal proceeding, in the context of a trial court's decision to adjudicate guilt, polygraph examinations and their results are not prohibited evidence, but use of such evidence is controlled by statute, such that courts are prohibited to proceed if the State presents nothing more than "uncorroborated results of a polygraph examination". *Compare Jasso v. State*, 112 S.W.3d 805, 813 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd)(explaining in context of a trial on felony charges "[b]ecause of their inherent unreliability and tendency to be unduly persuasive, the existence and results of polygraph examinations are inadmissible for any purpose in a criminal proceeding on proper objection") *with* Tex. Code Crim. Pro. art. 42A.108(b) ("The court may not proceed with an adjudication of guilt on the original charge if the court finds that the only evidence supporting the alleged violation of a condition of deferred adjudication community supervision is the uncorroborated results of a polygraph examination."). Accordingly, appellant did not seek to suppress the polygraph as categorically inadmissible evidence, but challenged the polygraph procedure.

testimony about the results of the polygraph.

As part of the motion to suppress, appellant contends that his confession provided in his post-polygraph interview should also have been excluded. Evidence that is the fruit of unlawful government conduct is subject to suppression, *Silverthorne Lumber Company v. United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920), as is evidence resulting from exploitation of the tainted source. *United States v. Namer*, 835 F.2d 1084, 1087 (5th Cir. 1988).

Appellant has not provided any authority on point, nor after reasonable research have we found any, to supporting his contention that the inadmissibility of the polygraph test taints, or implicates the inadmissibility of, his confession given after the exam. There are, however, decisions of Texas courts stating the reverse proposition. *Collins v. State*, 352 S.W.2d 841, 845 (Tex. Crim. App. 1961) ("The fact that appellant was given a lie detector test prior to making the confession did not render the same inadmissible."); *Black v. State*, 677 S.W.2d 150, 155 (Tex. App.—Houston [1st Dist.] 1984) ("[P]romises made to the appellant to induce him to take his polygraph examination did not "taint" nor render the appellant's confession inadmissible."), *rev'd on other grounds* ("pretext" arrest), 739 S.W.2d 240 (Tex. Crim. App. 1987) (en banc). Appellant has provided no evidence demonstrating any connection between the alleged violations in polygraph procedure and his subsequent confession. In this case we are unconvinced appellant's confession was tainted by the polygraph.

Appellant also contends that he suffered a Due Process violation. However, absent police misconduct causally related to the confession, there is "simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law." *Oursbourn v. State*, 259 S.W.3d 159, 169–70 (Tex. Crim. App. 2008).

6

During the suppression hearing, the trial court heard testimony that before the federal agent performed the polygraph examination, the following occurred: appellant was provided a "Voluntary Polygraph Examination Statement of Consent"; appellant initialed that he understood the examination would regard his alleged sexual contact with NS11; appellant then certified that he was in good mental and physical condition, and was able to complete a polygraph examination; and appellant attested that he understood that he did not have to take the examination and that he had the right to terminate the test *and* interview *at any time*. Appellant presented no factual support to prevent the trial court from concluding that no police misconduct causally related to the confession occurred, that appellant suffered no coercion by virtue of the polygraph, or that he lacked volition in any manner in providing a detailed confession.

We therefore consider whether the court's presumed error—its admission of the fact the polygraph was taken, any evidence of the examination and the agent's conclusion that appellant had been untruthful—was harmless. Error in the admission of evidence constitutes non-constitutional error. *Goudeau v. State*, 209 S.W.3d 713, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Only an error that affects a substantial right of the defendant constitutes reversible error. *See* Tex. R. App. P. 44.2(b). Evidence of a defendant's guilt is a factor to consider in a harm analysis. *Motilla v. State*, 78 S.W.3d 352, 360 (Tex. Crim. App. 2002); *Richard v. State*, No. 14-19-00592-CR, 2022 WL 252094, at *6 (Tex. App.—Houston [14th Dist.] Jan. 27, 2022, no pet.)(considering evidence of guilt while reviewing harm in a court's evidentiary decision on motion to adjudicate).

Evidence of appellant's guilt with respect to the offense supporting the alleged violation of the first condition was overwhelming. During the hearing, Bradshaw testified about what appellant told Bradshaw and other law enforcement

7

officers, including appellant's confession:

> Q. Well, when asked when he first touched S -- or NS11, what was his answer?
>
> A. Well, the first time according to his statements, he was -- he stated that, "We were on the porch and I was sitting on a chair and she was just on the porch. And it was just me and her and, you know, I called her over and I just, you know, rubbed her vagina."
>
> Q. What did he tell you about the second time?
>
> A. The second time he stated -- the second time was skin-on-skin. I believe that was at her house.
>
> Q. What did he tell you about that?
>
> A. It was on Yana Court, that it was on the couch. "I put my hand down her pants and I was just like rubbing her vagina on the outside, but I was rubbing like basically the whole vagina."
>
> Q. Did he tell you about a time after that?
>
> A. Yes, sir.
>
> Q. And tell me about that.
>
> A. He stated, "I got drunk probably a couple of weeks later, and we were like -- it wasn't just us in the room either. I forgot what we were doing, if we were watching a movie or playing games or something, but I don't really even remember like the lead-up to me licking her vagina. All I remember is me just pulling her pants down and licking it."
>
> Q. Did you ask him if he penetrated her vagina?
>
> A. Yes, sir.
>
> Q. And what did he say?
>
> A. At -- for the most part, he said, "My hand was down her pants, and so I was like rubbing like the whole -- in between her lips. Like I wasn't trying to penetrate her. I was between her lips, you know, but I wasn't trying to like go inside of her or anything like that."
>
> Q. So he told you that he was rubbing with his hands in between her lips. Is that what he told you?
>
> A. Yes, sir.

8

Q. And was that her -- of her female sexual organ?

A. Yes.

Q. And at this time NS11, as it's said in her pseudonym, was 11 years of age?

A. At the time of the outcry.

Q. Okay. So at the time of the offense, she would have to have been less than 14 years of age?

A. Yes, sir.

Q. And this Defendant told you that he caused the penetration of her female sexual organ by his finger?

A. Yes, sir.

Q. And that that happened before the 16th day of April, 2021?

A. Yes, sir.

Q. And it happened in Hood County, Texas?

A. Yes, sir.

In a revocation hearing, such a confession can alone serve as a basis for the court's revocation. *See Hacker v. State*, 389 S.W.3d 860, 866 (Tex. Crim. App. 2013). Yet, in addition to the confession, the trial court heard testimony from Bradshaw about NS11's statements to the forensic investigator, as well as testimony from the State's outcry witness.

Applying the applicable standard of review, and in light of the various sources of proof substantiating the elements of sexual assault of a child offense and thus violation of Condition One of his community supervision, we cannot find that appellant's substantial rights were affected by the trial court's presumed-erroneous admission of the polygraph results. *See Goudeau v. State*, 209 S.W.3d 713, 721 (Tex. App.—Houston [14th Dist.] 2006, no pet.)(harmless error where other evidence standing alone would be sufficient to support finding).

Appellant's first issue is overruled.

### III. CONCLUSION

Because we overrule appellant's first issue which pertains to the violation of Condition One, we affirm the trial court's judgment and conviction.


/s/     Randy Wilson
Justice

Panel consists of Justices Wise, Zimmerer, and Wilson.

Do not publish — TEX. R. APP. P. 47.2(b).